IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS CARRERA, <br> TDCJ-CID NO. 1591227, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. H-11-0707 <br> § <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER**

Marcus Carrera, proceeding _pro se_, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state-court aggravated-assault conviction (Docket Entry No. 1). Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 11).  For the reasons explained below, the court will grant Thaler's motion for summary judgment and deny Carrera's petition for a writ of habeas corpus.

I. **Factual and Procedural Background**

Carrera is confined in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), pursuant to his August 12, 2009, conviction for aggravated assault under cause

number 1194231 in the 262nd District Court of Harris County, Texas.[1] The trial court accepted Carrera's guilty plea and sentenced him to eighteen years' imprisonment.[2] The Texas Fourteenth Court of Appeals dismissed Carrera's appeal on June 3, 2010, because the case involved a plea bargain and Carrera therefore consequently had no right to appeal.[3] On October 4, 2010, Carrera filed a state habeas corpus application.[4] On November 24, 2010, the Texas Court of Criminal Appeals denied relief without written order on the findings of the trial court.[5]

On February 23, 2011, Carrera filed the pending federal habeas corpus petition, alleging that he is entitled to relief on the following seven grounds:

> (1) the trial judge abused his discretion by effectively promising Carrera a ten-year sentence and then sentencing him to eighteen years;
>
> (2) Carrera's guilty plea was not entered voluntarily, knowingly, or intelligently because it was based on an

---

[1] Judgment of Conviction, The State of Texas v. Marcus Carrera, Cause No. 1194231, included in State Court Records, Docket Entry No. 6-5, p. 88.

[2] Id.

[3] Carrera v. State, No. 14-09-00703-CR, 2010 WL 2195468 (Tex. App.—Houston [14th Dist.] 2010, no pet.), included in State Court Records, Docket Entry No. 6-11, pp. 97-98.

[4] Application for a Writ of Habeas Corpus, Ex parte Carrera, No. WR-74,959-01, included in State Court Records, Docket Entry No. 6-11, p. 8.

[5] Ex parte Carrera, No. WR-74,959-01, included in State Court Records, Docket Entry No. 6-11, p. 2.

"ambiguous, false, and unfulfilled promise," in violation of his rights under the Fourteenth Amendment;

    (3) Carrera's trial counsel provided ineffective assistance by failing to preserve a record of the negotiations leading to the plea of guilty;

(4) Carrera's trial counsel provided ineffective assistance by failing to obtain a formal or written plea bargain;

(5) Carrera's trial counsel provided ineffective assistance by failing to object to the eighteen-year sentence;

(6) the combination of errors by Carrera's counsel and the trial court violated his due process rights under the Fourteenth Amendment; and

(7) Carrera's appellate counsel provided ineffective assistance by failing to obtain and present affidavits proving that the judge originally offered a ten-year sentence.[6]

These are the same claims raised in Carrera's state habeas application.[7] The respondent moves for summary judgment arguing that petitioner's claims lack merit.[8] Carrera has filed Petitioner's Motion Objecting to and Requesting Denial of Respondent's Motion for Summary Judgment (Rebuttal) ("Petitioner's Rebuttal") (Docket Entry No. 13).

---

[6]Petition for a Writ of Habeas Corpus by a Person in State Custody ("Carrera's Petition), Docket Entry No. 1, pp. 6-9.

[7]Application for a Writ of Habeas Corpus, Ex parte Carrera, No. WR-74, 959-01, included in State Court Records, Docket Entry No. 6-11, pp. 8-19.

[8]Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's Motion"), Docket Entry No. 11, pp. 1-17.

## II. Standard of Review

### A. Summary Judgment

A court may grant summary judgment when the evidence shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2552 (1986). Rule 56 of the Federal Rules of Civil Procedure "applies with equal force in the context of habeas corpus cases." Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S. Ct. 2505, 2513 (1986). However, when a state habeas petitioner's factual allegations have been resolved against him by findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. See Marshall v. Lonberger, 459 U.S. 422, 103 S. Ct. 843, 849 (1983); Sumner v. Mata, 449 U.S. 539, 101 S. Ct. 764, 769 (1981).

### B. AEDPA Standard of Review

Because Carrera's federal habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), it is subject to the AEDPA. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2061 (1997). Under the AEDPA, a court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state-court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state-court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Supreme Court or if the state court decides a case differently than the result dictated by the Court's precedent when the facts are materially indistinguishable. Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1519 (2000). A state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Williams at 1523.

"Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). To obtain habeas relief from a federal court, a state prisoner must show that the state court's ruling was "so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 123 S. Ct. 357, 360 (2002)). "Section 2254(d) applies even where there has been a summary denial." Cullen, 131 S. Ct. at 1402. The AEDPA also provides that the state court's factual findings shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner carries the burden of rebutting the presumption of correctness by clear and convincing evidence. Id.

### III. Analysis

All of the arguments that Carrera raises in his petition for a writ of habeas corpus arise from a discussion that he alleges took place prior to his guilty plea, in which the trial judge allegedly enticed him to plead guilty by promising him a ten-year sentence and subsequently sentenced him to eighteen years.[9] The respondent argues that neither the judge nor the defense trial counsel promised Carrera a specific sentence in exchange for his guilty plea.[10] "[R]eview under § 2254(d)(1) is limited to the record that

---

[9] See Carrera's Petition, Docket Entry No. 1, pp. 6-12.

[10] Respondent's Motion, Docket Entry No. 11, p. 8.

was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398.

The record shows that on June 5, 2009, Carrera voluntarily pleaded guilty to the charged offense of aggravated assault with a deadly weapon.[11] Carrera also signed written admonishments stating that he waived his constitutional rights associated with a trial and that the only plea bargain made was to cap the sentence at twenty years.[12] Despite the written record, Carrera claims that the trial judge offered him a ten-year sentence in exchange for his guilty plea.[13] Don Hecker, Carrera's attorney during the guilty-plea proceedings, refuted Carrera's allegation of an inducement in an affidavit submitted to the state habeas court.[14] Hecker averred that he and the trial judge admonished Carrera that the sentence could be anywhere between five years and twenty years.[15] Hecker further testified that "[t]here were no promises made to the Defendant and the Judge specifically admonished him that there were no guarantees and that the Judge had no idea until he reads the PSI

---

[11]Plea of Guilty, The State of Texas v. Marcus Carrera, No. 1194231, included in State Court Records, Docket Entry No. 6-5, pp. 77-82.

[12]Id. at 81-82.

[13]Memorandum of Law in Support of Carrera's Petition ("Memorandum of Law"), Docket Entry No. 1-1, pp. 1-2.

[14]Affidavit of Don Hecker, Docket Entry No. 6-11, pp. 74-75.

[15]Id. at 74.

report what he was going to do."[16]  The trial court found that the facts asserted in Hecker's affidavit were true.[17]  The trial court's factual findings are also consistent with the plea papers, which stated that there was no agreed sentence and showed only a twenty-year cap on the sentence.[18]  Carrera indicated in his signed statement that he had not received any promises of leniency designed to induce a plea.[19]

The Texas Court of Criminal Appeals adopted the findings of the trial court when it denied relief.[20]  "State-court factual findings . . . are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" Richards v. Quarterman, 566 F.3d 553, 563 (5th Cir. 2009) (quoting Rice v. Collins, 546 U.S. 333, 126 S. Ct. 969, 974 (2006)).

Carrera submits two affidavits in support of his claim that he was offered a ten-year sentence, one from his mother and one from his grandmother.[21]  In essence, Carrera's mother and grandmother

---

[16] Id.

[17] Ex parte Carrera, No. WR-74,959-01, included in State Court Records, Docket Entry No. 6-11, p. 78.

[18] Plea of Guilty, The State of Texas v. Marcus Carrera, No. 1194231, included in State Court Records, Docket Entry No. 6-5, p. 81.

[19] Id. at 82.

[20] Ex parte Carrera, No. WR-74,959-01, included in State Court Records, Docket Entry No. 6-11, p. 2.

[21] Affidavit of Julia Ann Jimenez, Exhibit A to Docket Entry No. 1-2, p. 1; Affidavit of Beatrice Carrera, Exhibit B to Docket Entry No. 1-2, p. 2.

aver that the trial judge promised a ten-year sentence, but instead imposed an eighteen-year sentence.[22] Regardless of the veracity of these affidavits, this court cannot consider them because they were not part of the record that was before the state habeas court. Cullen, 131 S. Ct. at 1398. Although Carrera argues in Petitioner's Rebuttal that both affidavits "were presented at the state level but failed to reach the courts in a timely manner," he acknowledges that the affidavits were filed after the Court of Criminal Appeals denied him relief.[23] Under Cullen the only relevant inquiry is whether the evidence in question was a part of the state court record. It would have been impossible for these affidavits to be part of the state court record because the Texas Court of Criminal Appeals denied relief on November 24, 2010,[24] and the affidavits are dated December 1, 2010.[25] Consequently, the only evidence that Carrera can offer in support of his argument that the trial judge offered him a ten-year sentence is his own recollection of the events. Even this argument is undermined by Carrera's statements in the plea papers: "I have received no promises of

---

[22]Id.

[23]Petitioner's Rebuttal, Docket Entry No. 13, p. 14.

[24]Ex parte Carrera, No. WR-74,959-01, included in State Court Records, Docket Entry No. 6-11, p. 2.

[25]Affidavit of Julia Ann Jimenez, Exhibit A to Docket Entry No. 1-2, p. 1; Affidavit of Beatrice Carrera, Exhibit B to Docket Entry No. 1-2, p. 1.

leniency or of any other nature, from my own attorney, from the State of Texas' attorney, or from any other person to induce me to plead guilty."[26]

In light of Carrera's own statements in his guilty plea, the affidavit submitted by his trial counsel Don Hecker, and the lack of any record evidence supporting Carrera's claims, Carrera has failed to rebut the presumption of correctness owed to the state habeas court's findings. The state habeas court found that (1) no promises were made to Carrera other than to cap punishment at twenty years in TDCJ-ID; (2) Carrera was specifically admonished at the time of his plea that the court "had no idea" what his sentence would be until after the PSI report had been written and reviewed; and (3) the trial court orally admonished the applicant regarding the consequences of his plea.[27] Carrera's arguments for habeas relief all depend on the alleged offer of a ten-year sentence, which he has failed to prove by the "clear and convincing evidence" standard required by § 2254(e)(1). Thus, Carrera has failed to show that he received ineffective assistance by his trial or appellate counsel, that his plea was given involuntarily, that the trial court abused its discretion, or that his due process rights were violated. Accordingly, Carrera has failed to show that the

---

[26]Plea of Guilty, The State of Texas v. Marcus Carrera, No. 1194231, included in State Court Records, Docket Entry No. 6-5, p. 82.

[27]Ex parte Carrera, No. WR-74,959-01, included in State Court Records, Docket Entry No. 6-11, p. 79.

state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S. Ct. at 786. This court therefore concludes that the state court's decisions were not incorrect or objectively unreasonable.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253, Carrera needs to obtain a certificate of appealability before he can appeal this Memorandum Opinion and Order dismissing his petition. To obtain a certificate of appealability Carrera must make a substantial showing of the denial fo a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing Carrera must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Carrera has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The court will deny the issuance of a Certificate of Appealability.

## V. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 11) is **GRANTED**.

2. Carrera's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 25th day of July, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE